UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **AXALTA COATING SYSTEMS, LLC,** a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **MAACO OF BROOKLYN, INC.,** a New York corporation, <br><br> Defendant. | CIVIL ACTION NO.: _____ |

## COMPLAINT

Plaintiff, Axalta Coating Systems, LLC ("Axalta"), by and through its undersigned counsel, files the following Complaint against Defendant, MAACO of Brooklyn, Inc. ("MAACO Brooklyn").

### INTRODUCTION

1. Axalta files this Complaint to recover damages for breach of contract.

2. Axalta manufactures and sells automotive paint and related materials (the "Products").

3. At all times relevant to this Complaint, MAACO Brooklyn operated an automotive body shop and refinish business.

4. Axalta and MAACO Brooklyn were parties to a Master Incentive Program Agreement ("Master Agreement") and Incentive Agreement. A true and correct copy of the Master Agreement is attached hereto as **Exhibit 1**. A true and correct copy of the Incentive Agreement is attached hereto as **Exhibit 2**. The Master Agreement and Incentive Agreement are hereinafter collectively referred to as the "Agreement."

1

5. Under the Agreement, MAACO Brooklyn agreed to purchase and use Axalta Products for 100% of its paint and refinish requirements, and to purchase said Products in an amount equal to or exceeding $1,525,000.00.

6. In exchange for the foregoing commitment, Axalta provided MAACO Brooklyn with upfront investments totaling $190,000.00.

7. MAACO Brooklyn took the investments, but stopped buying Axalta Products and switched to a competitor's paint line before fulfilling its $1,525,000.00 purchase commitment, thereby breaching the Agreement.

8. As a result of MAACO Brooklyn's breach, under the express terms of the Agreement, Axalta is entitled to recover from MAACO Brooklyn a reimbursement of the full $190,000.00 investment, as well as its lost profits, reasonable attorneys' fees, and other costs.

## PARTIES, JURISDICTION AND VENUE

9. Axalta was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 50 Applied Bank Blvd., Suite 300, Glen Mills, Pennsylvania 19342.

10. Axalta has a single member, Axalta Coating Systems U.S. Holdings, Inc. ("Axalta Holdings"). Axalta Holdings is incorporated in Delaware, with its principal place of business in Pennsylvania. Thus, for purposes of diversity jurisdiction, Axalta is a citizen of Delaware and Pennsylvania.

11. MAACO Brooklyn is a corporation organized under the laws of the State of New York with its principal place of business located at 1768 East 49th Street, Brooklyn, New York 11234. Thus, for purposes of diversity jurisdiction, MAACO Brooklyn is a citizen of New York.

12. This Court has personal jurisdiction over MAACO Brooklyn, as MAACO Brooklyn has consented to personal jurisdiction in this forum, under the terms of the Agreement. *See* Ex. 1 at ¶ 14. The Court also has personal jurisdiction over MAACO Brooklyn because its actions caused harm to Axalta in Pennsylvania.

13. This Court has subject-matter jurisdiction under 28 U.S.C. §1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, there is complete diversity of citizenship between the parties, and jurisdiction and venue are proper in this Court.

14. Venue is proper in the Eastern District of Pennsylvania because the parties agreed to bring all claims arising under the Agreement in this court. *See id.*

## FACTS

15. Effective September 22, 2014, Axalta and MAACO Brooklyn entered into the Master Agreement, which was executed by Jack Rechenberg ("Rechenberg") and Frank Holtham, Jr. ("Holtham") on behalf of MAACO Brooklyn.

16. The term of the Master Agreement "continues for so long as any Incentive Agreement … duly executed by [MAACO Brooklyn] and Axalta remains in effect." Ex. 1 at ¶ 1.

17. The Master Agreement provides that, "in exchange for [MAACO Brooklyn]'s commitment(s) … set forth in those written agreements between the parties … (each, an "Incentive Agreement"), Axalta [would] provide [MAACO Brooklyn] with the incentive(s) more fully described in the applicable Incentive Agreement." *Id.* at ¶ 2.

18. On or about September 22, 2014, Axalta and MAACO Brooklyn entered into an incentive agreement ("Prior Agreement"), pursuant to which MAACO Brooklyn received from Axalta $140,000.00 in incentives ("Advance Rebate").

19.     Effective August 31, 2015 ("Effective Date"), Axalta and MAACO Brooklyn entered into the Incentive Agreement which is the subject of this Complaint.

20.     The Incentive Agreement was also executed by Rechenberg and Holtham on behalf of MAACO Brooklyn.

21.     The Incentive Agreement expressly terminates the Prior Agreement, such that the Prior Agreement has "no further force or effect," except that MAACO Brooklyn expressly acknowledged receipt of the $140,000.00 Advance Rebate per the terms of the Prior Agreement. Ex. 2 at ¶ 1.

22.     Under the Incentive Agreement, Axalta agreed to provide MAACO Brooklyn with an additional $50,000.00 incentive ("Prebate"). *Id.* at ¶ 2.

23.     In exchange for receipt of the Advance Rebate and Prebate, MAACO Brooklyn committed to purchase and use Axalta Products for 100% of its requirements for automotive paint and related materials until such time as it had purchased at least $1,525,000.00 in Axalta Products at actual purchase price after any discounts, rebates, or credits, if any, were applied ("Purchase Commitment"). *Id.* at ¶ 3.

24.     The Master Agreement expressly provides that in the event of a breach by MAACO Brooklyn of any term of the Master Agreement or Incentive Agreement, "including, but not limited to, using automotive paint and related materials other than Products or ceasing to use the Products during the Term for any reason," and the "breach is not remedied within 30 days" after MAACO Brooklyn's receipt of written notice of such breach, Axalta is entitled to terminate the Agreement and MAACO Brooklyn shall immediately pay Axalta certain liquidated damages ("Termination Charges"). Ex. 1 at ¶ 5.

25. As set forth in the Incentive Agreement, where a breach occurs "during the first two (2) years of this Incentive Agreement," such Termination Charges shall be equal to "$190,000 (the sum of the Prebate and the Advance Rebate)." Ex. 2 at ¶ 5; *see also* Ex. 1 at ¶ 5(c).

26. In addition to the Termination Charges, Axalta is entitled to recover court costs and interest, as well as lost profits and attorneys' fees reasonably incurred in connection with the enforcement of the Agreement. Ex. 2 at ¶ 5; Ex. 1 at ¶ 13.

27. Axalta fulfilled its obligations under the Incentive Agreement and provided MAACO Brooklyn with the Prebate.

28. MAACO Brooklyn accepted the Prebate, and acknowledged receipt of the Advance Rebate, but in or around April 2017, ceased purchasing Axalta Products and, upon information and belief, switched to a competitor's product line, without having fulfilled the Purchase Commitment.

29. Axalta did not waive or excuse MAACO Brooklyn's obligations under the Agreement.

30. By letter dated December 15, 2020, Axalta provided MAACO Brooklyn with written notice of its breach.

31. To date, MAACO Brooklyn has not paid Axalta any portion of the contractual Termination Charges or otherwise remedied the breach.

32. Because MAACO Brooklyn's breach occurred within two (2) years of the Effective Date of the Incentive Agreement, MAACO Brooklyn is obligated to repay Axalta the full $190,000.00 incentive (equal to the sum of the Advance Rebate and Prebate).

33. In addition to the $190,000.00 in Termination Charges, Axalta is entitled to recover its attorneys' fees reasonably related to the enforcement of the Agreement, as well as its lost profits, court costs, and interest.

## COUNT I
## (BREACH OF CONTRACT)

34. Axalta incorporates and restates Paragraphs 1 through 33 above as if each had been fully set forth herein.

35. At the time of the execution of both the Master Agreement and Incentive Agreement, Rechenberg and Holtham had actual authority to execute contracts on behalf of MAACO Brooklyn in their respective capacities as President and Managing Director.

36. The Agreement is a valid and binding contract between Axalta and MAACO Brooklyn, subject to enforcement by its terms.

37. Axalta performed its obligations under the Agreement.

38. MAACO Brooklyn materially breached the Agreement by failing to meets its Purchase Commitment obligation to purchase $1,525,000.00 of Axalta Products, and by purchasing automotive paint and related materials manufactured by a company other than Axalta.

39. Axalta has suffered, and continues to suffer, damages as a direct and proximate result of these breaches.

40. Under the terms of the Agreement, Axalta is entitled to damages of $190,000.00, plus costs and interest, as well as its lost profits and attorneys' fees reasonably incurred in connection with Axalta's enforcement of the Agreement, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Axalta Coating Systems, LLC, respectfully requests that this Court enter a judgment in its favor and award damages for Defendant MAACO of Brooklyn, Inc.'s

breach of the Agreement, together with costs, pre-judgment and post-judgment interest, lost profits, attorneys' fees, and all other relief this Court deems proper.

Dated: March 11, 2021

Respectfully submitted:

HUNTON ANDREWS KURTH LLP

_____
Thomas R. Waskom (Pa. Bar No. 321664)
951 East Byrd Street
Riverfront Plaza, East Tower
Richmond Virginia 23219
twaskom@huntonak.com
(804) 788-8403

*Attorneys for Axalta Coating Systems, LLC*